FILED 10 MAY 12 14:16 USDC-ORP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ROBERT ALLEN BELLER,                             CV. 08-835-BR

       Petitioner,

    v.                                         OPINION AND ORDER

ROBERT MARTINEZ,

       Respondent.

THOMAS HESTER
Office of the Federal Public Defender
101 SW Main Street, Suite 1700
Portland, OR 97204

       Attorney for Petitioner

JOHN KROGER
Attorney General
JACQUELINE KAMINS
Oregon Department of Justice
1162 Court Street, NE
Salem, OR 97301

       Attorneys for Respondent

1 - OPINION AND ORDER

BROWN, Judge.

Petitioner, in custody of the Oregon Department of Corrections following conviction on two counts of Robbery in the Second Degree, brings this Petition for Writ of Habeas Corpus (#2) pursuant to 28 U.S.C. § 2254. For the reasons that follow, the Court DENIES the Petition.

## BACKGROUND

In February 2005, Petitioner was tried before a jury and found guilty of two counts of Robbery in the Second Degree. The court sentenced Petitioner under Measure 11 to consecutive 70-month terms for a total of 140 months imprisonment. (Respt.'s Ex. 110 at 18-19.) Counsel filed a Motion for New Trial, but after a hearing the motion was denied. (Respt.'s Ex. 111 at 12-13.) Petitioner did not directly appeal his convictions.

Petitioner filed for post-conviction relief ("PCR") alleging ineffective assistance of trial counsel when counsel failed to file an appeal, and he sought a delayed appeal. (Respt.'s Ex. 112.) Petitioner, Respondent, and the PCR court agreed the sole issue before the court was whether trial counsel was inadequate in not filing an appeal. (#35, Mem. at 22.) Both Petitioner and trial counsel testified before the PCR trial court. (Respt.'s Ex. 127.) The PCR court denied relief, finding "Petitioner did not prove that his attorney agreed to file notice of appeal[']" and "[the] Court does not believe Petitioner when he testified that he received [the] Order [denying Motion for New Trial] but not the instructions

2 - OPINION AND ORDER

[for filing an appeal.]" (Respt.'s Ex. 128 at 2.) Petitioner appealed the PCR court's decision. PCR appellate counsel filed a *Balfour* brief with Petitioner's Second Amended Petition for Post-conviction Relief and the PCR judgment attached to Section A.[1] (Respt.'s Ex. 129.) The Oregon Court of Appeals affirmed without opinion. (Respt.'s Ex. 132.) At Petitioner's request, PCR appellate counsel filed for review to the Oregon Supreme Court, citing only *Balfour* in the Table of Authorities and attaching the Court of Appeals affirmance. (Respt.'s Ex. 130.) The Oregon Supreme Court denied review. (Respt.'s Ex. 131.)

Petitioner filed the instant federal habeas petition raising three grounds for relief: Ground One alleging ineffective assistance of counsel premised on trial counsel's failure to file a Notice of Appeal; Ground Two alleging Oregon failed to provide an adequate appellate process; and Ground Three alleging *Balfour* procedures deprive litigants of due process. (#2, Pet. at 6-7.) Ground One is the only claim Petitioner argues in his Memorandum.

---

[1] Upon concluding that only frivolous issues exist on direct appeal, a *Balfour* brief allows appointed counsel to meet constitutional requirement of "active advocacy" without violating rules of professional conduct. Section A, signed by counsel, contains a statement of the case, including a statement of facts, sufficient to apprise the court of the jurisdictional basis for the appeal, but contains no assignments of error or argument. Section B, signed only by the appellant, is a presentation of the issues that appellant seeks to raise but that counsel considers to be frivolous. *Balfour v. State of Oregon*, 311 Or. 434, 451-52, 814 P.2d 1069 (1991).

3 - OPINION AND ORDER

Respondent asserts habeas relief is unavailable because Petitioner's claims are procedurally defaulted as he failed to fairly present them to Oregon's highest court. Petitioner argues the issue of procedural default is governed by *Farmer v. Baldwin*, 563 F.3d 1042 (9th Cir. 2009), and *Farmer v. Baldwin*, 346 Or. 67, 205 P.3d 871 (2009) (answering certified question from Ninth Circuit), and his claim of ineffective assistance of trial counsel was properly exhausted in state court since his PCR *Balfour* briefs were comparable to those filed in *Farmer*.

## DISCUSSION

### I. Grounds Not Advanced in Memorandum

Pursuant to 28 U.S.C. § 2248, "[t]he allegations of a return to the writ of habeas corpus or of an answer to an order to show cause in a habeas corpus proceeding, if not traversed, shall be accepted as true except to the extent that the judge finds from the evidence that they are not true." This Court has reviewed the record and finds Petitioner is not entitled to relief on the two grounds for relief not advanced in his memorandum.

For habeas relief under § 2254(d), Petitioner has the burden of showing that the state court adjudication of his claims was contrary to or an unreasonable application of established Supreme Court precedent. *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (*per curiam*); *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004); 28 U.S.C. § 2254(d). Petitioner has failed to meet the burden of

4 - OPINION AND ORDER

proof on the two claims he does not address in his memorandum. Accordingly, relief on Grounds Two and Three, which are not advanced in Petitioner's memorandum, must be denied.

## II. Ground One

### A. Procedural Default

Generally, before a federal court may consider a petition for habeas relief pursuant to 28 U.S.C. § 2254, a state prisoner must have exhausted all available state court remedies through a direct appeal or through collateral proceedings. See 28 U.S.C. § 2254 (b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999) (state courts must have an opportunity to act on claims before they are presented in a habeas petition). A federal claim is "fairly presented" to the state courts if it was presented "(1) to the proper forum, (2) through the proper vehicle, and (3) by providing the proper factual and legal basis for the claim." *Insyxiengmay v. Morgan*, 403 F.3d 657, 668 (9th Cir. 2005)(internal citations omitted). In Oregon, the Oregon Supreme Court is the highest state court with jurisdiction to hear post-conviction claims in satisfaction of the exhaustion requirement. See Or. Rev. Stat. § 138.650 (2005). Under limited circumstances, the Oregon Supreme Court has considered federal claims fairly presented when the petitioner specifically cross-referenced a brief filed with the Court of Appeals arguing the federal claims. *Farmer v. Baldwin*, 346 Or. 67, 79-81, 205 P.3d 871 (2009).

5 - OPINION AND ORDER

When a state prisoner fails to exhaust his federal claims in state court and the state court would now find the claims barred under applicable state rules, the federal claims are procedurally defaulted. *Casey v. Moore*, 386 F.3d 896, 920 (9th Cir. 2004); *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991). Habeas review of procedurally defaulted claims is barred unless the petitioner demonstrates cause for the procedural default and actual prejudice, or that the failure to consider the claims will result in a miscarriage of justice. *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000); *Coleman*, 501 U.S. at 750.

B.  Analysis

Petitioner argues the *Balfour* briefs filed in his PCR appeals were comparable to those at issue in *Farmer* and fairly presented Ground One to the Oregon courts. Upon review of the record and the *Farmer* decisions, the Court disagrees and finds Ground One is procedurally defaulted.

In *Farmer*, the petitioner pursued federal habeas relief after being denied PCR relief in Oregon courts. The federal district court denied habeas relief on the basis that Farmer failed to fairly present his federal claims in state court and, thus, failed to satisfy the exhaustion requirements for habeas relief under § 2254. *Farmer v. Baldwin*, 2006 WL 1766184 (D.Or. 2006.) Farmer appealed to the Ninth Circuit, and that court certified the following question to the Oregon Supreme Court:

6 - OPINION AND ORDER

> Whether, under its rules or practice, the Oregon Supreme Court would deem a federal question not properly raised before it when that question has been presented by means of an attachment to a *Balfour* brief filed in the Court of Appeals, and the attachment served as (but was not labeled as) Section B of said brief, *and the petitioner specifically states in his petition to the Supreme Court that his reasons for seeking review are set forth in the Balfour brief.*

*Farmer*, 563 F.3d at 1044 (emphasis added).

In responding to the Ninth Circuit, the Oregon Supreme Court described the manner in which Farmer presented his claims in state court as follows:

> The attorney prepared section A, which identified the brief as a *Balfour* brief, and stated:
>
>> 'Counsel has complied with the provisions of *Balfour* by contacting petitioner and post-conviction trial counsel for petitioner, in an effort to identify any nonfrivolous issues for appeal. Petitioner has been offered an opportunity to draft and submit a Section B brief with the assistance of counsel.
>>
>> Petitioner has decided to attach a copy of his post conviction petition, in the hopes of at least preserving all the issues presented therein.'
>
> The brief contained no section identified as "section B," but petitioner did attach a copy of his post-conviction petition. The Court of Appeals affirmed the decision of the PCR court without opinion.
>
> Petitioner sought review in this court. The petition for review did not identify a section A or section B. Instead, under the heading "Statement of Facts," the petition stated that '[p]etitioner has filed a Petition for Post-conviction Relief and makes all the allegations set forth therein.' Under the heading "Statement of reasons why issue requires Supreme Court decision," the petition stated the '[t]he petitioner's position is also set forth in the appellant's [B]*alfour* brief.' Otherwise, the petition did not identify any legal questions

7 - OPINION AND ORDER

> presented on review. Petitioner did not attach a copy of his appellate brief or his post-conviction petition to the petition for review. This court denied review of petitioner's case.

*Farmer*, 346 Or. at 70 (internal citations omitted). Upon reviewing and discussing of Oregon's Rules of Appellate Procedure ("ORAP"), and particularly ORAP 5.90, which states the procedural requirements for a petition for review in the *Balfour* context, the Oregon Supreme Court opined:

> Given the relaxed standard that ORAP 5.90 imposes, we cannot say that a petitioner fails to comply with that rule by presenting a legal question in an attachment to a *Balfour* brief, as long as the attachment serves as the section B of the petitioner's brief in the Court of appeals and the petition for review incorporates that attachment. ORAP 5.90 requires only an "attempt" to comply with proper appellate brief form. In light of the lack of legal training that most *Balfour* litigants possess, we cannot say that, on its face, a petition such as [Farmer's] fails to qualify as an attempt to state a claim within the meaning of ORAP 5.90.

*Farmer*, 346 Or. at 78. The court also noted,

> Ordinarily, a litigant must explain how the lower courts have erred and why this court should exercise its discretion to correct the error. That is a low threshold. To raise a claim for review, a litigant need not be persuasive, correct, thorough, or even reasonable. *All a litigant has to do is to identify to this court the claim of error that he or she wants to see corrected.*
>
> \* \* \*
>
> [T]he briefs filed in the Court of Appeals are properly before us as part of our evaluation of a petition for review. *This court's rules allow the petitioner to direct our attention to those briefs to determine the question or questions presented on review. Accordingly, [Farmer]'s incorporation by reference of arguments from his appellate brief is a permissible method of raising an issue with this court.*

8 - OPINION AND ORDER

*Id.* at 79-80 (emphasis added). Specifically answering the Ninth Circuit's question, the Oregon Supreme Court held,

> Under ORAP 5.90, a petitioner may present a question of law to this court by means of an attachment to a *Balfour* brief filed in the Court of Appeals, *when the attachment serves as section B of said brief, and the petitioner incorporates that same brief by reference into his petition for review.* We do not recommend that petitioners present their questions in that manner, but we will not refuse outright to consider their questions if they do so.

*Id.* at 81 (emphasis added).

The Oregon Supreme Court declined Farmer's request that it reframe the certified question "to clarify that, 'under existing law, review in this Court is an extraordinary remedy not "available" for all classes of cases[,]' and that the court declare "that a prisoner who seeks federal habeas corpus relief need not petition [the Oregon Supreme Court] for review of his claims to exhaust available state remedies." *Id.* at 81-82. The court found the issue of satisfying federal exhaustion requirements was a matter of federal law, to be decided by federal courts. *Id.* at 94.

Based on the Oregon Supreme Court's answer to its certified question, and specifically that "incorporation by reference of arguments from his appellate brief is a permissible method of raising an issue in the Oregon Supreme Court[,]" the Ninth Circuit held Farmer had satisfied federal exhaustion requirements and remanded for consideration on the merits. *Farmer*, 563 F.3d at 1044.

9 - OPINION AND ORDER

Here, Petitioner's PCR appellate brief was clearly labeled "Appellant's Section A Brief," and "Section A" was also specified above the heading, "Statement of the Case." (Respt.'s Ex. 129.) (*Id.*) The notation under the heading "Nature of the Proceeding" specified, "Petitioner appeals from the denial of her [sic] petition for post-conviction relief. A copy is attached at ER 1-5." The notation under the heading "Nature of the Judgment" specified, "Petitioner filed a petition for post-conviction relief in Washington County Circuit Court. The post-conviction court denied the petition and entered judgment on January 19, 2007. A copy is attached at ER 6-8." The "Conclusion" stated:

> This brief is submitted in compliance with the decision in *State v. Balfour*, 311 Or 434, 814 P2d 1069 (1991). Appellate counsel has complied with all the standards announced in Balfour by contacting petitioner and trial counsel in an effort to identify any non-frivolous issues for appeal. *Appellant has been given the opportunity to draft and submit a Section B brief with the assistance of counsel. It will be submitted by counsel if returned completed.*

(*Id.*, emphasis added.) The brief was signed by Petitioner's PCR appellate counsel, and the index listed the attached PCR petition and judgment. (*Id.*)

Petitioner's petition for review to the Oregon Supreme Court specified, under the heading "Substance of Petition for Review," "Petitioner filed an unsupported *Balfour* brief below. This petition is submitted at his direction. If petitioner submits a Section B, it will be filed with the court." (Respt.'s Ex. 130.)

10 - OPINION AND ORDER

While Petitioner contends his *Balfour* briefs were comparable to those filed by Farmer, there is no evidence in the record that Petitioner submitted what was intended, or could be construed to be Section B of a *Balfour* brief - that is, *his presentation of the issues* he sought to raise - or that he cross-referenced an assignment of errors submitted to the Court of Appeals in his petition for review to the Oregon Supreme Court. The Ninth Circuit's decision in *Farmer* was predicated on the Oregon Supreme Court's determination that a petition for review that cross-referenced an appellant's *Balfour* brief with an attachment serving as Section B, incorporated by reference the claims in the attachment and was a permissible method of raising issues to that court. Petitioner's *Balfour* briefs did not comport with the characteristics the Oregon Supreme Court identified in *Farmer* when finding the petitioner used a permissible method of raising issues in the context of a *Balfour* brief.

This Court is bound by the Oregon Supreme Court's determination of what is required for issues to be presented to that court in the context of a *Balfour* brief, and by the Ninth Circuit's application of that determination in *Farmer*. Even if this Court were to conclude Petitioner presented claims to the Oregon Court of Appeals because his attorney attached his PCR petition in Section A of the *Balfour* brief - which it does not given that *Balfour* requires *a petitioner set out the issues to be*

11 - OPINION AND ORDER

*presented* - Petitioner did not cross-reference his lower court brief in his petition for review to the Oregon Supreme Court and, thus, did not direct the court's attention to claims he sought to present. Accordingly, Petitioner did not fairly present claims to the Oregon Supreme Court. Because the time for presenting Ground One has passed, *see* Or. Rev. Stat. § 138.550(3), the claim is procedurally defaulted, and because Petitioner has not made any showing of cause and prejudice to excuse the default, habeas relief is precluded.

## CONCLUSION

Based on the foregoing, the Petition for Writ of Habeas Corpus (#2) is denied. The court declines to issue a Certificate of Appealability on the basis that Petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

DATED this 12 day of May, 2010.

_____
ANNA J. BROWN
United States District Judge